UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN BENEDICT,

        Plaintiff,                        Case No. 15-cv-10138

v                                           Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION IN LIMINE

Plaintiff John Benedict commenced the above-captioned matter on January 14, 2015. ECF No. 1. In his complaint, Benedict alleges that Doctor Brenda Harshman, a duly licensed Doctor of Osteopathic Medicine, failed to timely diagnose his appendicitis while he was receiving treatment at the Clare Community Outpatient Clinic – a clinic operated by Defendant United States' Department of Veteran Affairs. Benedict therefore alleges that Defendant United States is liable to him under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and 28 U.S.C. § 1346(b)(1) for negligence and professional malpractice. *Id.*

Discovery in this matter is scheduled to close on December 31, 2015. ECF No. 19. On November 12, 2015, Plaintiff Benedict filed a motion in limine to strike Defendant's family practice expert and any evidence that Doctor Harshman was practicing any medical specialty other than internal medicine. ECF No. 20. There is a material dispute regarding the specialty Doctor Harshman was practicing at the time of the incident in question. Because a motion in limine is not a proper vehicle to resolve such a material factual dispute, Plaintiff's motion will be denied.

**I.**

**a.**

18 U.S.C. § 1346(b)(1) grants the federal district courts exclusive jurisdiction to hear civil actions on claims against the United States for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* Liability in such a case is limited to those "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* Because the events underlying Plaintiff's claim occurred in Michigan, Michigan substantive law supplies the rule of decision in this matter. *See Young v. United States*, 71 F.3d 1238, 1244 (6th Cir.1995).

Federal Rule of Evidence 601 provides that, in a civil case "state law governs the witness's competency to testify regarding a claim or defense for which state law supplies the rule of decision." *Id*. Because Michigan state law supplies the rule of decision in this matter, Michigan State law governs the competency of witnesses.

**b.**

M.C.L.A. 600.2169 is a substantive Michigan law governing the criteria and qualifications of expert witnesses in medical malpractice actions. The statute explains that a person is not qualified to give expert testimony on the "appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state" and:

> If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. However, if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.

M.C.L.A. 600.2169(1)(a).

In *McDougall v. Schanz,* 461 Mich. 15 (Mich. 1999), the Michigan Supreme Court explained that MCL 600.2169(1) "operates to preclude certain witnesses from testifying solely on the basis of the witness' lack of practice or teaching experience in the relevant specialty." *Id*. at 24-25. The rule has two parts.

First, the rule requires specialty matching between a defendant and an expert called to testify on the relevant standard of care. If a defendant physician specializes in a subspecialty, then any expert witnesses introduced to testify on the relevant standard of care must practice in that subspecialty. *See Woodard v. Custer,* 476 Mich. 545, 562 (Mich. 2006). This specialty requirement is "tied to the occurrence of the alleged malpractice and not unrelated specialties that a defendant physician may hold." *Id*. at 559. Additionally, "during the year immediately preceding the date of the occurrence that is the basis of the claim or action," an expert must have devoted a majority of his or her professional time to either the active clinical practice or the instruction of students in the same specialty as the defendant physician. § 2169(1)(b)

Second, if the defendant physician is board certified, then MCL 600.2169(1)(a) requires the proposed expert to be board certified in that specialty. *Halloran v. Bhan¸* 470 Mich. 572, 577 (Mich. 2004) ("We must now determine whether M.C.L. § 600.2169(1)(a) requires that an expert witness share the same board certification as the party against whom or on whose behalf the testimony is offered. We hold that it does."). However, "only the one most relevant board certificate or certificate of special qualifications must match." *Woodard*, 476 Mich. at 579.

Consequently, an expert introduced to testify on the relevant standard of care must satisfy two criteria: (1) The expert must practice in the specialty or subspecialty the defendant physician was practicing at the time of the alleged malpractice; and (2) The expert must have the same board certification as the defendant physician in the most relevant specialty.

**c.**

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered*." Luce v. United States*, 469 U.S. 38, 40 n. 2, (1984). "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir.1990). In other words, motions in limine are designed to deal with evidentiary issues, whereas substantive issues are properly addressed in motions for summary judgment. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561-62 (2013). The Sixth Circuit has instructed courts to avoid converting motions in limine into motions for summary judgment. *Id*.

Here, the evidentiary question of whether Defendant's expert should be stricken requires a threshold substantive determination regarding what specialty Doctor Harshman was practicing at the time of the alleged malpractice. Plaintiff argues that Doctor Harshman was practicing in the specialty of internal medicine. To support his argument, Plaintiff argues that Doctor Harshman was board certified in internal medicine. Plaintiff also argues that Doctor Harshman could not practice family medicine because Doctor Harshman did not treat anyone under the age of 18. Defendant, in contrast, argues that Doctor Harshman was practicing in the specialty of family medicine. Defendant points to Doctor Harshman's deposition where she testified that, although she is board certified in internal medicine, "currently at the VA, I am not practicing internal medicine, I am functioning in a clinic as a family doc." Harshman Dep. at 12-13. Harshman further testified that as an internal medicine practitioner, she primarily treated people

older than 30 who had some illness. *Id*. She testified that as a family practitioner at the VA, she treats veterans of all ages, including young people who are healthy. *Id*.

The parties have framed a substantive, material dispute that may not be resolved without a more fully developed record. In order for the Court to determine the specialty "tied to the occurrence of the alleged malpractice," the Court will either need to be presented with expert testimony or hear expert testimony concerning what specialty Doctor Harshman was practicing during her treatment of Plaintiff. At this time, the record is not sufficiently developed to resolve the question of whether the particular circumstances of Doctor Harshman's professional services implicates an internal medicine or family medicine standard of care. Plaintiff's motion in limine will therefore be denied.

## II.

Accordingly, it is **ORDERED** that Plaintiff's motion in limine to strike Defendant's expert, ECF No. 20, is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: December 11, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 11, 2015.

s/Michael A. Sian  
MICHAEL A. SIAN, Case Manager