UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN BENEDICT,

                Plaintiff,                Case No. 15-cv-10138

v                                          Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

                Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO QUASH

Plaintiff John Benedict initiated this matter by filing his complaint against Defendant United States on January 14, 2015 seeking damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. and 28 U.S.C. § 1346(b)(1). *See* Compl., ECF No. 1. Plaintiff alleges that Defendant United States operates the Clare Community Outpatient Clinic ("Clare VA") through its agency, the Department of Veteran Affairs. *Id*. at ¶ 7. Plaintiff further alleges that Defendant through its agents, employees and staff – in particular through Dr. Brenda Harshman – breached its duty of care to him by failing to timely recognize symptoms of appendicitis and refer to him to the nearest ER. *Id*. at ¶ 38. As a result, Plaintiff alleges that he was required to undergo surgery, and that he continues to experience abdominal pain, gastrointestinal issues, and fatigue. *Id*. at ¶¶ 27-35.

After the close of discovery, on April 25, 2016, Defendant United States moved for summary judgment. *See* Def.'s Mot. Summ. J., ECF No. 30. Because competing expert reports gave rise to material disputes regarding the relevant standard of care, whether that standard of care was breached by Dr. Harshman, and the proper allocation of fault, Defendant's motion was denied on August 23, 2016. *See* ECF No. 38.

**I.**

The final pretrial conference is scheduled to take place on November 1, 2016, and the bench trial is scheduled to commence on November 15, 2016. On October 4, 2016 Defendant learned that Doctor Robert Nunoo, a surgeon who treated Plaintiff Benedict after Dr. Harshman treated him, had relocated to Florida, and would be unavailable for trial. As a result, on October 5, 2016 Defendant provided Plaintiff with notice that it intended to take a second deposition of Dr. Nunoo. The deposition is to be a video deposition for trial purposes, and is scheduled to take place in Florida on October 24, 2016.

On October 11, 2016 Plaintiff filed a motion to quash Defendant's deposition notice for, or in the alternative strike the deposition testimony of, Dr. Nunoo. *See* ECF No. 39. Plaintiff notes that the parties already took the deposition of Dr. Nunoo on January 14, 2016 and that discovery closed on March 11, 2016. Plaintiff argues that the second deposition is improper because Defendant did not seek leave of the Court to conduct a second deposition of Dr. Nunoo under Federal Rule of Civil Procedure 30(a)(2)(A)(ii) and because there is not good cause for taking the deposition.

In response, Defendant contends that the second deposition is proper because Dr. Nunoo is now unavailable for trial under Rules 32(a)(4)(B) and 45(c)(1). Because both parties have identified Dr. Nunoo as a likely trial witness, Defendant argues that it should be permitted to take a deposition of Dr. Nunoo in order to preserve his trial testimony. Defendant further notes that Dr. Nunoo has retained independent counsel, and has agreed to sit for a trial deposition on October 24, 2016 in Tampa, Florida. Because Dr. Nunoo – a nonparty – does not object to the deposition, Defendant argues that Plaintiff does not have standing to quash the subpoena issued

to him. Finally, Defendant argues that Plaintiff did not properly seek concurrence before filing his motion to quash.

## II.

Issues regarding the taking and use of depositions are entrusted to the sound discretion of the district court. *See Trempel v. Roadway*, 194 F.3d 708 (6th Cir. 1999). A district court abuses its discretion when it applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous finding of fact. *See Cardinal Fastener & Specialty Co., Inc. v. Progress Bank*, 67 Fed. Appx. 343, 346 (6th Cir. 2003).

### A.

Defendant's argument that the trial deposition of Dr. Nunoo should go forward rests on the proposition that there is a federal common law distinction between discovery depositions and trial deposition, otherwise known as *de bene esse* depositions. *See, e.g, Estenfelder v. Gates Corp.,* 199 F.R.D. 351, 352 (D. Colo. 2001) (holding that the discovery cut-off does not affect parties from memorializing the testimony of an unavailable witness through a trial deposition). Such distinction has been recognized by trial courts in this district. *See, e.g., Marmelshtein v. City of Southfield,* No. 07-CV-15063, 2010 WL 4226667, at *2 (E.D. Mich. Oct. 21, 2010) (noting that courts in this circuit "generally recognize the need to treat *de bene esse* depositions differently in certain respects that those of discovery depositions" and allowing the plaintiff to conduct a second deposition of a witness for trial purposes after the close of discovery); *Burket v. Hyman Lippitt, P.C.,* No. 05-72110, 2008 WL 1741875, at *3 (E.D. Mich. Apr. 11, 2008) (holding that the discovery deadline did not apply to *de bene esse* depositions). As explained by a trial court in the Western District of Michigan

> [t]he simple fact, known to all trial practitioners, is that witnesses often become unavailable for trial, whether because of distance or conflicting schedules (*as with*

> *testifying physicians*). In such circumstances, *de bene esse* depositions taken shortly before trial are commonplace and are properly understood as part of the trial proceedings, not discovery.

*El Camino Res., Ltd. v. Huntington Nat. Bank*, No. 1:07-CV-598, 2009 WL 1228680, at *5 (W.D. Mich. Apr. 30, 2009) (emphasis added).

## B.

In reply to Defendant's response, Plaintiff does not contest that Dr. Nunoo is unavailable for trial under Rules 32(a)(4)(B) and 45(c)(1). Nor does Plaintiff cite any law or authority in opposition to the cases by Defendant. Instead, Plaintiff reiterates its argument that the rules of discovery prevent Defendant from taking a second deposition of Dr. Nunoo because Defendant did not seek a stipulation or leave of the Court pursuant to Rule 30(a)(2) before conducting the second deposition of Dr. Nunoo. *See Landis v. Galarneau,* No. 05-CV-74013, 2010 WL 446445 (E.D.Mich. Jan. 28, 2010) (holding that the defendant was required to seek leave of the court under Rule 30(a)(2)(A)(ii) to take the trial deposition of a witness that had already been deposed in discovery). While this would be true in most cases, Plaintiff waived its right to challenge Defendant's failure to seek a stipulation or leave of the Court where Plaintiff did not seek concurrence from Defendant before filing the present motion, as required under Local Rule 7.1(a).

Plaintiff also generally argues that a second deposition of Dr. Nunoo is unnecessary. This argument is without merit. Part of the rationale for allowing trial depositions is to ensure that the parties are able to present a full case despite the problem of witness availability, and to ensure that the fact-finder is reaching its decisions based on all relevant evidence. The use of trial depositions also promotes convenience to third-party witnesses. Here, both parties conducted discovery under the assumption that Dr. Nunoo would be available to provide

additional testimony at trial, and both parties listed him as a likely trial witness. The policies in favor of allowing trial depositions are particularly applicable in cases such as this. The trial testimony of Dr. Nunoo is relevant to the claims and defenses and the costs associated with his second deposition are proportional to the needs of the case under Rule 26(b)(1). The trial deposition of Dr. Nunoo will thus be allowed to proceed.

### III.

Accordingly, it is **ORDERED** that Defendant's motion to quash, ECF No. 39, is **DENIED.**

It is further **ORDERED** that the parties are **GRANTED LEAVE** to conduct a second deposition of Dr. Nunoo for trial purposes.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 21, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 21, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager